**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0001454**
**02-JAN-2014**
**08:23 AM**

NO. CAAP-13-0001454

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL KUMUKAUOHA LEE, Appellant-Appellant,
v.
WILLIAM AILA, in his official capacity
as Chairperson of the BOARD OF LAND AND NATURAL
RESOURCES AND HASEKO (EWA), INC., Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1644-06)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over the appeal that Appellant-Appellant

Michael Kumukauoha Lee (Appellant Lee) has asserted from the

Honorable Rhonda A. Nishimura's May 30, 2013 order affirming a

decision of the Board of Natural Resources because the circuit

court has not yet reduced the May 30, 2013 order to a separate judgment that is appealable under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012), Rule 58 and Rule 72(k) of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

When a circuit court adjudicates an appeal from an administrative agency order, "[r]eview of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (1993). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (1993 & Supp. 2012). Under Hawai'i law, "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). HRCP Rule 72(k) similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having

jurisdiction shall enter judgment." HRCP Rule 72(k). Therefore, the separate judgment document rule under the holding in Jenkins v. Cades Schutte Fleming & Wright applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. See, e.g., Raquinio v. Nakanelua, 77 Hawaiʻi 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). For example, where a circuit court failed to reduce its dispositive orders in an administrative appeal to a separate judgment, we dismissed the appeal for lack of appellate jurisdiction:

> In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and Jenkins apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.
> Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

Id.

In the instant case, the circuit court has not yet reduced the May 30, 2013 order to a separate judgment. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted). On September 18, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-13-0001454, which does not include any final judgment. Absent an appealable final judgment, Appellant Lee's appeal in appellate court case number CAAP-13-0001454 is premature and we lack appellate jurisdiction. Accordingly,

-3-

IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-13-0001454 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 2, 2014.

Chief Judge

Associate Judge

Associate Judge